UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
REBECCA VIEBROCK,

                Plaintiff,

    *-against-*                         **COMPLAINT**
                                              07-cv-07824

D. MICHAEL DENDY d/b/a DENDY &
ASSOCIATES, LLC

                Defendant.
---------------------------------------------------------------X

    Plaintiff, by and through her attorney, Amir J. Goldstein, as and for her complaint against the Defendant, D. Michael Dendy, alleges as follows:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.     Plaintiff is a natural person residing in Cudahy, Wisconsin.

3.     Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Gretna, Louisiana. .

## JURISDICTION

4.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION.

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That on or about July 1, 2006 the defendant's agent and/or representative of the Defendant, started contacting the plaintiff by telephone and was demanding payment of a disputed debt.

9. That Plaintiff verbally stated numerous times that the debt was under her ex-husband's social security number and disputed the validity of the debt, but that Defendant's representative persisted in his collection efforts and insisted that the debt was her responsibility without providing any verification.

10. That on or about September 1, 2006, the Plaintiff received calls from the defendant's agent, ***threatening to take legal action*** and demanding full payment within three (3) days or she would be sued.

11. That Plaintiff received many calls in September of two (2) and four (4) minute intervals, which resulted in the Defendant's representative, Mr. Wilabowski, emphasizing "...they would be getting *their lawyers* in Wisconsin to" sue the Plaintiff.

12. That Plaintiff received shocking comments from the Defendant's representative such as, "..this is not their problem and that if I wouldn't have gotten myself into the credit card debt to begin with, then they wouldn't be having to deal with me on a daily basis to try to get paid up".

13. That Plaintiff continually informed the Defendant's representatives that they are violating the FDCPA laws.

14. That on or about October 5th, 2006 the representative of the Defendant contacted, on

occasion, the boyfriend of the Plaintiff, namely, one Dustin Minster (hereinafter Minster).

15. That Minster was pressured into speaking with the Defendants representative despite attempting to refuse to discuss Plaintiff's personal and financial matters..

16. That was asked by Defendant's representative, to forward a message to the Plaintiff including, "...Rebecca needed to pay this debt or she could deal with the *court system* on this if she didn't take care of it *immediately*" and she would be "...dealing with *their lawyers*"

17. That despite Minster's attempts to disengage from conversation with Defendant's representative regarding Plaintiff's alleged debt, Defendant's representative began demanding to speak to the Plaintiff and *yelling*, "that she had spoke with Rebecca on earlier days from this home number and that she was aware that I lived there...and *argued* with me..."

18. That between October 16th and October 26th, 2007 the Plaintiff received repeated phone calls at Minter's home.

19. That on or about October 17th, 2007 the Plaintiff received at least three two (2) minute interval phone calls from the Defendant on or about 1:25, 1:27 and 1:29 P.M which were recognized at the time as coming from the Defendant.

20. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (g) and (f) in that communications to third parties and other practices were effected and representations made by the defendant are false, misleading, deceptive, unfair and done in furtherance of harassing the plaintiff to coerce payment of a disputed debt under duress.

21. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the fist cause of action.

(b) Actual damages and/or treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York

August 27, 2007

_____

Amir J. Goldstein (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

_____

Amir J. Goldstein  (AG-2888)