UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
REBECCA VIEBROCK,

                Plaintiff,

     -against-

MICHAEL D. DENDY d/b/a DENDY & ASSOCIATES, LLC,

                Defendant.
-------------------------------------------------------------------X

Case No.: 07 Civ. 7824 (RMB)

**ANSWER AND**
**AFFIRMATIVE DEFENSES**

Defendant, Michael D. Dendy d/b/a Dendy & Associates LLC, by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLC, as and for its answer to the plaintiff's complaint, alleges upon information and belief as follows:

### ANSWERING THE PARAGRAPH OF THE COMPLAINT UNDER THE HEADING INTRODUCTION

1. Denies each and every allegation contained in paragraph "1" of the plaintiff's complaint, and refers all questions of law alleged in said paragraph to the Court for a determination.

### ANSWERING THE PARAGRAPHS OF THE COMPLAINT UNDER THE HEADING PARTIES

2. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph "2" of the plaintiff's complaint.

3. Denies each and every allegation contained in paragraph "3" of the plaintiff's complaint, and refers all questions of law alleged in said paragraph to the Court for a determination.

1

## ANSWERING THE PARAGRAPH OF THE
## COMPLAINT UNDER THE HEADING JURISDICTION

4. Denies each and every allegation contained in paragraph "4" of the plaintiff's complaint, and refers all questions of law alleged in said paragraph to the Court for a determination.

## ANSWERING THE FIRST CAUSE OF ACTION

5. Defendant repeats and realleges each and every response heretofore interposed with respect to the allegations contained in paragraphs "1" through "4" of the plaintiff's complaint, inclusive, with the same force and effect as though each such response was here again fully set forth at length.

6. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph "6" of the plaintiff's complaint, except admits that this matter involves a debt owed by plaintiff.

7. Denies knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph "7" of the plaintiff's complaint, except admits that defendant was authorized to collect a debt owed by plaintiff.

8. Denies each and every allegation contained in paragraph "8" of the plaintiff's complaint.

9. Denies each and every allegation contained in paragraph "9" of the plaintiff's complaint.

10. Denies each and every allegation contained in paragraph "10" of the plaintiff's complaint.

11. Denies each and every allegation contained in paragraph "11" of the plaintiff's complaint.

12. Denies each and every allegation contained in paragraph "12" of the plaintiff's complaint.

13. Denies each and every allegation contained in paragraph "13" of the plaintiff's complaint.

14. Denies each and every allegation contained in paragraph "14" of the plaintiff's complaint.

15. Denies each and every allegation contained in paragraph "15" of the plaintiff's complaint.

16. Denies each and every allegation contained in paragraph "16" of the plaintiff's complaint.

17. Denies each and every allegation contained in paragraph "17" of the plaintiff's complaint.

18. Denies each and every allegation contained in paragraph "18" of the plaintiff's complaint.

19. Denies each and every allegation contained in paragraph "19" of the plaintiff's complaint.

20. Denies each and every allegation contained in paragraph "20" of the plaintiff's complaint.

21. Denies each and every allegation contained in paragraph "21" of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. There is no jurisdiction over the person of defendant.

23. By virtue of the foregoing, the plaintiff's complaint should be dismissed in its entirety.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. The Southern District of New York is not an appropriate or proper venue for this action.

25. By virtue of the foregoing, the plaintiff's complaint should be dismissed in its entirety.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. The claims and causes of action asserted in plaintiff's complaint are barred by the applicable statute of limitations.

27. By virtue of the foregoing, the plaintiff's complaint should be dismissed in its entirety.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. The complaint fails to state a cause of action against the defendant upon which relief can be granted.

29. By virtue of the foregoing, the plaintiff's complaint should be dismissed in its entirety.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. The Southern District of New York is not a convenient venue or forum for this action.

31. By virtue of the foregoing, this action should be transferred to an appropriate United States District Court in either Wisconsin or Louisiana.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. The complaint is not properly interposed against the defendant named in the complaint.

33. By virtue of the foregoing, the complaint should be dismissed in its entirety.

**WHEREFORE**, defendant respectfully requests the entry of judgment in its favor dismissing the plaintiff's complaint in all respects, together with an award of costs and disbursements in defendant's favor, and for attorneys fees pursuant to 15 U.S.C. 1692k(3), as well as for such other and further relief as the Court may deem just and proper.

Dated: November 14, 2007

McElroy, Deutsch, Mulvaney & Carpenter, LLP

By _____
Carol A. Pisano, Esq. (CP-1076)
88 Pine Street, 24th Floor
New York, New York 10005
Telephone (212) 483-9490
Facsimile: (212) 483-9490
Email: cpisano@mdmc-law.com

TO:   Amir J. Goldstein (AG-2888)
      Attorney for Plaintiff
      591 Broadway, #3A
      New York, New York 11012
      Telephone: 212-966-5253
      Facsimile: 212-941-8566